Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105-2994
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: matt.jaksa@hro.com

Attorneys for Plaintiffs,
UMG RECORDINGS, INC.; VIRGIN RECORDS AMERICA, INC.; WARNER BROS. RECORDS INC.; PRIORITY RECORDS LLC; SONY BMG MUSIC ENTERTAINMENT; and BMG MUSIC

ORIGINAL FILED
SEP 20 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and BMG MUSIC, a New York general partnership,<br>                Plaintiffs,<br><br>  v.<br><br>JOHN DOE,<br>                Defendant. | CASE NO. C07-04871 MEJ<br><br>***EX PARTE* APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#32525 v1

1    Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26
2  and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum
3  of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.
4    In support thereof, Plaintiffs represent as follows:
5    1.    Plaintiffs, record companies who own the copyrights in the most popular sound
6  recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a
7  third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe
8  ("Defendant"), who is being sued for direct copyright infringement.
9    2.    As alleged in the complaint, Defendant, without authorization, used an online media
10 distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to
11 the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified
12 Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time
13 of Defendant's infringing activity.
14   3.    Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that
15 identify Defendant's true name, current (and permanent) address and telephone number, e-mail
16 address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot
17 identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated
18 infringement.
19   4.    Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a
20 Rule 26(f) conference where there are no known defendants with whom to confer.
21   WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the
22 foregoing requested discovery immediately.

Dated: September 20, 2007

HOLME ROBERTS & OWEN LLP

By: _____
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
UMG RECORDINGS, INC.; VIRGIN
RECORDS AMERICA, INC.; WARNER
BROS. RECORDS INC.; PRIORITY
RECORDS LLC; SONY BMG MUSIC
ENTERTAINMENT; and BMG MUSIC

1